UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WASHINGTON, | : | |
| Plaintiff, | : | No. 3:17-CV-1316 (VLB) |
| v. | : | April 30, 2019 |
| DEWEY ET AL, | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. 46]**

Before the Court is Plaintiff Laurence Washington's ("Plaintiff") Motion for Leave to File Amended Complaint [Dkt. 46 (Mot. for Leave to File Am. Compl.)]. Plaintiff seeks to amend the complaint to add an additional claim and to add an additional defendant. Defendant Detectives Frank Napolitano and Daniel Ortiz (collectively, "Defendants") oppose the motion on the grounds that it is untimely, unduly prejudicial, and futile. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

I. Factual and Procedural Background

On August 3, 2017, Plaintiff filed this action *pro se*. *See* [Dkt. 1 (Compl.) at 1]. He alleged that he witnessed the robbery and murder of Marshall Wiggins by Michael Gaston, provided information to police against Gaston, and was placed in witness protection. Several months later, Plaintiff called the Superior Court in Manchester, CT and left a voicemail message stating he would not testify against Gaston unless his girlfriend, who was being held on an unrelated matter, was

released from jail. Soon after, he was arrested for felony murder, first degree robbery, and conspiracy to commit robbery in the first degree. He brought claims against Judge Julia Dewey, Assistant State's Attorney David Zagaja, the East Hartford Police Department, Detective Napolitano, Detective Ortiz, and Lieutenant Francis McGeough alleging that his arrest was retaliatory. The Court conducted its initial review and found that the Fourth Amendment false arrest and malicious prosecution claims could proceed against Detectives Napolitano and Ortiz in their individual capacities. *See* [Dkt. 9 (Initial Review Order) at 1]. All other claims and defendants were dismissed. *Id.*

On April 19, 2018, counsel was appointed for Plaintiff. He now seeks to amend his original *pro se* complaint to add a retaliation claim against Defendants and to assert all claims against Lieutenant McGeough. Plaintiff also notes that the proposed amended complaint has been redrafted to the traditional format which he claims will benefit the parties and the Court. Defendants oppose the motion and argue that it is untimely, unduly prejudicial, and futile.

II. Standard of Review

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Courts should grant applications to amend unless there is good reason to deny the motion such as "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Min Jin v. Metro Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). A *pro se* plaintiff's motion to amend should be considered with even greater leniency because "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim."

*Satchell v. Dillworth*, 745 F.2d 781, 785 (2d Cir. 1984). "A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). The Supreme Court has instructed that leave to amend should be granted "absent any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). An "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy*, 626 F.3d at 725-26 (internal quotation marks and citation omitted). Courts have granted motions to amend where the litigation has progressed significantly, even past discovery, on the grounds that absent a showing of prejudice, leave to amend should be freely given. *See e.g., State Teachers Ret. Bd.,* 654 F.2d at 845-46 (amendment allowed after three-year interval); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385

(2d Cir. 1968) (amendment allowed after three-year interval and notice of trial readiness and plaintiff was aware of facts supporting new claims two years before filing of original complaint).

III. Analysis

A. Undue Delay

Defendants argue that Plaintiff unduly delayed in seeking to amend the complaint because Plaintiff's counsel first appeared in May 2018 – nine months prior to the instant motion. Specifically, they claim that Plaintiff has shown no good cause to amend because he could have amended the complaint much sooner since it is based on information contained in Plaintiff's original *pro se* complaint. Defendants also claim that the deference traditionally given to *pro se* litigants should not be extended to Plaintiff's counsel.

In response, Plaintiff claims he did not receive a significant portion of the documentary discovery until September 2018 and the transcript from Michael Gaston's criminal trial until January 2, 2019. *See* [Dkt. 51 (Reply to Response to Motion) at 3]. Plaintiff also argues that he did not know the extent of McGeough's involvement until Defendant Napolitano's deposition on January 17, 2019 where Napolitano testified that McGeough supervised the Defendants and the investigation into Plaintiff, participated in an interview with Plaintiff, and participated in the decision to seek an arrest warrant against him. Plaintiff filed his motion on January 25, 2019, within weeks of learning the extent of McGeough's involvement. Therefore, the Court finds that Plaintiff did not unduly delay in filing the motion for leave to amend.

B. Futility

Defendants claim that Plaintiff's motion should be denied because the proposed First Amendment retaliation claim is futile. "Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy*, 626 F.3d at 726. The Court should dismiss claims for futility "only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal citation and quotation marks omitted). As the Court already found that Plaintiff's false arrest and malicious prosecution claims may proceed, it considers only Plaintiff's First Amendment retaliation claim.

In order to state a legally cognizable First Amendment retaliation claim, Plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Smith v. Arnone*, 700 F. App'x 55, 56 (2d Cir. 2017) (quoting *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004)). It is "axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of [a First Amendment right]." *Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (citing *Lott v. Andrews Ctr.*, 259 F. Supp. 2d 564, 568, 570-71) (internal citations and quotation marks omitted); *see also Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194-95 (2d Cir. 1994). This type of speech is protected whether the complainant is the

victim or a witness to a crime because solving and deterring crime is in the public's vital interest.

Not all speech is protected. For example, obscenity, defamation, fraud, incitement and speech integral to criminal conduct are recognized exceptions to protected speech. *See United States v. Stevens*, 559 U.S. 460, 468 (2010). Speech that is intended to harass, intimidate or cause substantial emotional distress has been identified as integral to criminal conduct, and therefore not protected by the First Amendment. *See United States v. Sergentakis*, No. 15-CR-2015, WL 3763988, at *4 (S.D.N.Y. June 15, 2015) (citing *United States v. Osinger*, 753 F.3d 939, 947 (9th Cir. 2014)). Speech constituting an extortionate threat is also unprotected under the First Amendment. *See United States v. Petrovic*, 701 F.3d 849, 855 (8th Cir. 2012). Defendants contend that Plaintiff's speech was not protected because his conduct was fraudulent.

Plaintiff argues that he engaged in protected speech when he called the State's Attorney's office and left a message stating he would cease cooperating with the prosecution unless his girlfriend was released from police custody.[1] Plaintiff contends his insistence that his girlfriend be released was a continuation of his speech relating to the reporting of the crime, continued cooperation, and an expression of his opinion about his girlfriend's charges. The Court disagrees. Plaintiff's insistence that his girlfriend be released was not a continuation of his speech relating to the reporting of the crime for which his girlfriend was charged.

---

[1] **To the extent Plaintiff attempts to argue that Defendants retaliated against him for reporting the crime, he fails to allege this in the retaliation count of the proposed amended complaint and therefore, the Court declines to consider it.**

**Plaintiff made no statements in his message relating to the events which led to her arrest. Nor does his message relay any information connection those events to the murder investigation on which he was cooperating. Finally, he expressed no opinion about his girlfriend's charges. Plaintiff's speech was an extortionate threat expressly intended to obstruct the prosecution's case against his girlfriend by threatening to take away something of value – his cooperation in Gaston's case – in exchange for the prosecution dropping charges against his girlfriend. This type of speech, speech incident to obstruction, is unprotected.** *See* **18 U.S.C. § 1503(a) ("Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b)."). Therefore, Plaintiff cannot state a claim for retaliation and amending the complaint to add this count would be futile. For that reason, the motion to amend to add the retaliation claim is denied.**

    **C.    Undue Prejudice**

**Defendants argue that they would be unduly prejudiced if the Court grants Plaintiff's motion to amend because it would necessitate further discovery. Defendants note that discovery is closed and their dispositive motion addresses the operative complaint. Plaintiff, however, argues that the risk of unfair prejudice is low because Defendants received a copy of the proposed amended complaint prior to the close of discovery and Plaintiff's deposition. Plaintiff also notes that Defendants have not specified the discovery they would need if the Court granted Plaintiff's motion.**

The Court finds that Defendants are not unduly prejudiced. "In determining what constitutes prejudice, [the Court considers] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Defendants do not explain how any of these factors would be implicated if the Court granted the motion to amend. Even if additional discovery is warranted, the allegations in the amended complaint are not complex and additional discovery is unlikely to cause significant delay or expenditure of resources.

Further, the information which Plaintiff recently discovered, and which prompted their motion to amend, was within the purview of the Defendants and should have been disclosed. The very first provision of the discovery rule in the Federal Rules of Civil Procedure states:

> (a) Required Disclosures.
>
> (1) Initial Disclosure.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A). The Rules also require early initial disclosure long before the discovery deadline set in this case. Fed. R. Civ. P. 26(a)(1)(C) and (D). Finally,

because Plaintiff may only amend his complaint to add Lieutenant McGeough, and not a new claim against all Defendants, there is minimal prejudice. Thus, the Court finds that Defendants will not suffer undue prejudice.

IV. Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED IN PART and DENIED IN PART. Plaintiff's motion to amend to add Lieutenant McGeough as a party is GRANTED and Plaintiff's request to add a retaliation claim is DENIED. Plaintiff is ordered to file an amended complaint within fourteen days of the date of this order.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: April 30, 2019.