UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| L<small>AURENCE</small> W<small>ASHINGTON</small>, | : |
| Plaintiff, | : No. 3:17-cv-1316(VLB) |
| v. | : |
| | : July 11, 2023 |
| J<small>UDGE</small> D<small>EWEY</small>, <small>ET</small> <small>AL</small>., | : |
| Defendants. | : |

**MEMORANDUM OF DECISION**

I.    **BACKGROUND**[1]

The Plaintiff brought this case against three individual law enforcement officers raising claims of false arrest and malicious prosecution under 42 U.S.C. § 1983.  (Am. Compl. ECF No. 61.)  The Defendants filed a motion for summary judgment, which the Court granted in part and denied in part in January 2010.  (Dec. on Mot. for Summ. J., ECF No. 103.)  The Defendants took an interlocutory appeal from the Court's decision denying the Motion for Summary Judgment.  (ECF No. 109.)  The Second Circuit affirmed and remanded for further proceedings.  (ECF No. 113.)  The Defendants filed a petition for writ of certiorari with the United States Supreme Court, (ECF No. 125), which the Supreme Court denied on December 5, 2022, (ECF No. 128).  The Court reopened this case and set a trial scheduling order for a trial to take place in June 2023.  (ECF No. 131.)  The parties reported being unable to proceed to trial as scheduled and that they

---

[1] The Court assumes the parties familiarity with the underlying facts.

1

were continuing to engage in settlement discussions. (ECF No. 134.) The Court suspended the trial schedule until the parties were able to agree to a trial schedule in the fall of 2023. (ECF No. 135.)

On March 6, 2023, the Defendants filed a motion to reopen discovery "for the limited purpose of deposing a newly discovered witness . . . ." (ECF No. 139). The Defendants reported receiving a letter on January 23, 2023 from a person incarcerated in Michigan who claimed that the Plaintiff stated to him and others that he committed the conduct underlying this false arrest and malicious prosecution action. (ECF Nos. 139 and 141.) The Plaintiff opposed the Defendants' motion. (ECF No. 146.) The Court conducted two hearings on the motion. (ECF Nos. 149 and 153.) The Court did not render a decision on the motion during either hearing.

On April 27, 2023, the Court granted the Defendants' motion to reopen discovery finding good cause warranted reopening for the limited purpose of deposing the letter writer. (ECF No. 154.) The order cited to the legal standard for reopening discovery and applied to the facts of the case. (*Id.*) The Court also afforded the Plaintiff the opportunity to conduct rebuttal discovery. (*Id.*)

On June 8, 2023, the Defendants filed a motion to modify the discovery order. (Mot. to Modify, ECF No. 160.) The Defendants reported that prior to the deposition, the Plaintiff began conducting rebuttal discovery by sending a subpoena to the Kent County Sherriff in Michigan for records within its possession associated with the letter writer and the Plaintiff. (*Id.*) At the deposition of the letter writer, and before the Kent County Sheriff was to respond

to the subpoena, the letter writer refused to be sworn in or proceed with the deposition.  (*Id.*)  Thereafter, the Plaintiff withdrew his subpoena.  The Defendants' motion to modify the discovery order sought permission to issue a subpoena to the Kent County Sheriff seeking the same records sought in the Plaintiff's now-withdrawn subpoena.  (*Id.*)

The Defendants' motion to modify the discovery order cited no legal standard, did not include a single case citation, and was devoid of any legal analysis.  (*Id.*)  The motion did not include the subpoena they wished to issue, or list the sought after records.  (*Id.*)  Rather, the Defendants made two conclusory claims.  (*Id.*)  First, they say the records sought are relevant to the Plaintiff's factual guilt.  (*Id.*)  Second, they state the Plaintiff will not be prejudiced considering they originally sought this information and there would be no significant further delay.  (*Id.*)

Rather than summarily denying the patently deficient motion, the Court scheduled a telephonic hearing to afford the parties an adjudication on the merits in the furtherance of the fair and efficient administration of justice.  Fed. R. Civ. P. 1.  (ECF No. 161.)  The Defendants were ordered to be prepared to address the legal standard for the relief sought and ordered to supplement their motion with the subpoena they sought to issue.  (*Id.*)  Thereafter, the Defendants supplemented their motion with the subpoena.  (ECF No. 166-1.)  The subpoena seeks the following information:

> 1. All recordings of phone calls made or received by [the letter writer] from August 1, 2022, through the present.
> 2. All recordings of phones calls made or received by [the Plaintiff] from January 1, 2022, through present.

> 3. Copies of all non-privileged documents received or sent by [the letter writer].
> 4. A copy of [the letter writer's] prison records, including records of any behavioral incidents, infractions, or discipline.

(*Id.* at p.5.)

The Court conducted a hearing on the motion on June 15, 2023. During the hearing, the Defendants' counsel articulated his arguments for the first time under the six-factors for reopening discovery discussed in *Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018). Specific to the diligence prong, he argued that he did not know the Plaintiff was incarcerated in Michigan until he received the letter and did not think to ask for the phone records until the Plaintiff did so. (Tr. 11–12, ECF No. 170.) He also established that the Defendants will not be prejudiced by the Court denying their motion because he had a Freedom of Information Act ("FOIA") request pending for the records. (Tr. 12–13.) During the hearing, the Defendants' counsel argued briefly that one of the interrogatories they originally requested—which sought "all written or recorded [statements] you made to any person regarding any incident alleged in your complaint"—obligated the Plaintiff's counsel to collect and turnover the phone records sought. (Tr. 21–22.) This argument was never raised in his motion, he cited to no legal authority to support his argument, nor did he provide the interrogatory for Court review. The Defendants' motion was denied. (Tr., ECF No. 168.)

On June 26, 2023, 11 days after the Defendants' motion to modify was denied, the Defendant filed a motion for reconsideration. (Mot. for Reconsideration, ECF No. 171.) Thereafter, the Plaintiff filed a motion to strike

4

the Defendants' motion for reconsideration as untimely.  (Mot. to Strike, ECF No. 172.)  In response, the Defendants filed an opposition to the Plaintiff's motion to strike, (ECF No. 173), and a motion to accept the motion for reconsideration *nunc pro tunc*.  (Mot. to Accept, ECF No. 174.)

## II.  LEGAL STANDARD

Pursuant to Local Rule 7(c)(1),

> Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks omitted).  It is well settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments . . . that could have been adduced during the pendency of the underlying motion." *Neubecker v. New York State*, 387 F. Supp. 3d 302, 305 (W.D.N.Y. 2019) (citing to *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn.

5

2007)).  "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016).

### III. DISCUSSION

The Defendants seek reconsideration of the Court's decision denying their motion to modify the prior discovery order, which would allow them to submit the subpoena to the Kent County Sheriff for, *inter alia*, the Plaintiff's prison phone recordings.  The Defendants raise several arguments why they are entitled to this relief.

The Defendants argue that the Court overlooked its prior order reopening discovery for the limited purpose of conducting a deposition of the letter writer.  The Defendants are incorrect.  The Court was well aware of the prior order.  The entire motion to modify was to modify the prior order.  The Court directly mentioned the prior order during the hearing.  (Tr. 5.)

The Defendants argue that the Court overlooked the fact that the Plaintiff failed to comply with his discovery obligations.  The Court could not overlook that which was never presented.  The theory that the Plaintiff may have an obligation to turnover some of the telephone recordings was not raised in the motion.  The theory was only briefly mentioned during the hearing and was entirely unsupported by law or fact.  The Defendants did not cite to legal authority as to how the Plaintiff may have breached its discovery obligation, nor did the Defendants provide the interrogatory request they claimed was breached.  In

6

other words, the Defendants argue the Court erred in not considering arguments that were neither raised nor supported. The Court does not represent the Defendants and is under no obligation to make arguments on their behalf. Reconsideration is not vehicle for asserting new arguments. *See Neubecker*, 387 F. Supp. 3d at 305. This is especially true here where there is no given or apparent justification for failing to raise this theory in the first instance. The finality of the Court's decisions is paramount to the efficient administration of justice, Fed. R. Civ. P. 1, which is why reconsideration is an "extraordinary remedy" that is not routinely given. *Anwar*, 164 F. Supp. 3d at 560; Loc. R. Civ. P. 7(c)(1).

Further, the Defendants argument as to the Plaintiff's interrogatory obligation would not justify the relief sought. The interrogatory seeks recorded statements regarding the incident. The Defendants' subpoena is seeking all of the Plaintiffs' recorded statements. Meaning, even if the Defendants presented facts and law to support a theory that the Plaintiff should be compelled to comply with this claimed discovery obligation, the subpoena the Defendants are requesting would not be the relief afforded.

The Defendants argue that the Court failed to articulate the *Morough* factors during the hearing.[2] It is true that the Court did not individually address

---

[2] In *Morough v. County of Suffolk*, 320 F. Supp. 3d 511, 515 (E.D.N.Y. 2018), the court listed six-factors to consider when analyzing a request to reopen discovery. Those factors are:
> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need

each factor like it did only two months prior on the similar discovery motion. The Defendants' counsel seems to fault the Court for not engaging the legal standard which they did not engage themselves in their motion. Notwithstanding, the Court addressed the *Morough* factors during the hearing and highlighted the factor of particular importance. That factor was diligence. The factors analyzed in the decision less than two months prior remained the same, which the Defendants recognized. The Court focused on diligence because there is an absence of diligence in seeking the discovery they are now requesting. The Defendants did not seek these records until at least five months after they learned the Plaintiff was in Michigan and allegedly expressing that he was factually guilty of the criminal conduct underlying this false arrest and malicious prosecution action. The Defendants did not include a request for these records when they filed their motion to depose the letter writer. They could have just as easily asked to conduct discovery into the records they now seek. The Defendants claim they did not ask for this originally because of the Court's resistance toward granting reopening, but they did not know of the Court's resistance until AFTER they filed their motion to reopen. This claim justification for not moving sooner is contrary to the Defendants' counsel's own admission that they did not even think about requesting these records until the Plaintiff did. This does not demonstrate diligence. Thus, to the extent the Defendants are

---

for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.
*Id.*

arguing the Court overlooked the *Morough* factors when rendering its decision denying the motion to modify, they are wrong.

The Defendants do not raise an argument that reconsideration is warranted to "correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.  However, to the extent they were trying to, the Court sees no clear error or manifest injustice here.  The Court gave the Defendants an opportunity to depose the letter writer to discover whether there was credible, admissible evidence showing the Plaintiff admitted factual guilt.  The Court came to that decision with great hesitation, particularly because discovery closed over four years ago.  The justification for reopening discovery vanished when the letter writer refused to be deposed.  When the Defendants filed their motion to modify that provided no law or fact to support the relief sought, the Court gave them an opportunity to supplement and to make oral arguments.  The Defendants made clear during oral argument that Court action is not even necessary because they are already in the process of obtaining the records sought.  There is no clear error or manifest injustice.

Further, the Defendants' motion for reconsideration is untimely.  Local Rule 7(c)(1) requires motions for reconsideration to be filed within seven days of the decision or order from which relief is sought.  The Defendants' motion was filed 11 days after the order denying the motion to modify.  The Defendants argue they did not file the motion for reconsideration on time for two reasons.

First, the Defendants argue that they did not file the motion for reconsideration within the time required because they were waiting for the Court

to articulate its decision.  The Defendants argued that they believed the Court would issue a separate articulation because the Court issued a separate articulation when it granted the Defendant's motion to reopen.  This is factually incorrect.  The Court did not render a decision during the hearing on the original motion to reopen discovery.  Rather, the Court rendered its decision in the order entered three days after the hearing.  Meaning, the Court did not render a separate articulation, rather it was the only decision on the Defendant's motion.  The Defendants' claimed expectation that the Court would issue a separate articulation was not reasonable.

       Second, the Defendants argue that they filed the motion for reconsideration only three days after receiving the hearing transcript.  Rule 7(c)'s deadline is not contingent on when transcripts are received.  Notwithstanding, even if the Defendants truly believed they needed the transcript for filing the motion for reconsideration, the Defendants could have and should have sought an extension of time for that reason.  *See* Loc. R. Civ. P. 7(b).  It has long been the standard in this district that an extension of time will be granted with on good cause shown that the deadline could not "reasonably be met despite the diligence of the party seeking the extension."  *Id.*  Rule 7(b)3 requires motions for extension of time to be filed at least three days before the deadline sought to be extended, "except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline."  The Defendants fail to show good cause as to why the deadline for filing their motion for reconsideration could not reasonably been met despite their diligence.  Further, the Defendants fail to show

good cause why the deadline for filing a motion for extension of time could not reasonable been met despite their diligence.  The rules are there for a reason. Thus, the Court finds the Defendants' motion is untimely.

### IV. CONCLUSION

For the above reasons, the Court DENIES the Defendant's motion for reconsideration, GRANTS the Plaintiff's motion to strike, and DENIES the Defendant's motion to accept motion for reconsideration nunc pro tunc.

IT IS SO ORDERED.

                                                        /s/
                                      Hon. Vanessa L. Bryant
                                      United States District Judge

Dated this day in Hartford, Connecticut: July 11, 2023